1  LAWRENCE G. TOWNSEND (SBN 88184)
   LAW OFFICES OF LAWRENCE G. TOWNSEND
2  One Concord Center
   2300 Clayton Road, Suite 1400
3  Concord, California 94520
   Telephone:     415.882.3290
4  Facsimile:     415.882.3232
   Email: ltownsend@owe.com
5
   Attorney for Plaintiff
6  DAVID GORDON OPPENHEIMER

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 DAVID GORDON OPPENHEIMER, an          Case No.
   individual,
12                                       **COMPLAINT FOR COPYRIGHT
                Plaintiff,               INFRINGEMENT**
13
                                         **DEMAND FOR JURY TRIAL**
14        v.

15 SIERRA NEVADA CORPORATION, a
   Nevada corporation
16
                Defendant.
17

18        Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint

19 against Defendant, Sierra Nevada Corporation alleges:

20                       **INTRADISTRICT ASSIGNMENT**

21     1.  Intradistrict assignment is appropriate under local Rule 3-2(c) because this is an Intellectual

22 Property Action.

23                               **THE PARTIES**

24     2.  Plaintiff is a citizen of North Carolina engaged in the business of professional photography

25 and resides in and has a principal place of business in Asheville, Buncombe County, North

26 Carolina.

27     3.      Sierra Nevada Corporation ("Sierra Nevada" or "Defendant") is a corporation

28 organized and existing under the laws of the State of Nevada, and with principal offices located in

Sparks, Nevada, and it is qualified to do business in the State of California.

4.     Plaintiff is informed and believes, and thereon alleges, that Sierra Nevada is the successor in interest to Volansi, Inc., a corporation that was based in Concord, California ("Volansi"), in this judicial district and, at all times referred to herein, Volansi commenced and conducted the infringing activity from its headquarters in this judicial district. Plaintiff is informed and believes, and thereon alleges, that Sierra Nevada acquired substantially all the assets of Volansi and became the successor in interest in or about October 2022. References to "Sierra Nevada" or "Defendant" shall refer to the company and/or its predecessor in interest, Volansi.

## INTRODUCTORY FACTS

5.   Oppenheimer is a professional photographer, and is the author (photographer) of two aerial photographic images of western North Carolina that appear or have appeared without permission from him in connection with the advertising of Defendant's drone delivery service for drugs. At all times relevant to this claim, Oppenheimer has been and is now the sole owner and proprietor of all right, title and interest in and to the copyright in said images at issue in this matter (the "Works" **Exhibit 1**).

6.     Oppenheimer makes his photographic works available for print sales and licensing online at his website https://performanceimpressions.com. Plaintiff has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Works and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration covering the Works, bearing U.S. Copyright Registration No. VAu 1-203-416, effective February 15, 2015.

7.   The deposit copies of the Works are on record with the contents titles:

*Aerial_Oct5_1_OPP0073.jpg; Aerial_Oct5_2_OPP0788.jpg* and are identified on pages 1 and 3 of the certificate of registration.

8.     At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Works. Plaintiff's copyrights in the above-described Works are presently valid and subsisting, were valid

and subsisting from the moment of the Works' creations, and all conditions precedent to the filing of this suit have occurred.

9.      For many years, it has been Plaintiff's custom and business practice to display his copyright management information ("CMI") on his copyright-protected photographic works when they are first published or publicly displayed by him, and thereafter. When published or displayed by Plaintiff, the Works at issue in this case prominently displayed CMI in captions, with facial watermarks, and/or embedded in the metadata of the Works. Thus, Defendant was on notice that the Works were copyright protected, and it was provided identifying material and means for contacting Plaintiff to obtain a license.

10.     Plaintiff is informed and believes and thereon alleges that all times relevant hereto, the Defendant was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of Sierra Nevada , and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby. Plaintiff is informed and believes, and thereon alleges, that Defendant knew of the infringing use that third parties wished to make of the Works in their writing and reporting about Defendant's business venture, and Defendant materially contributed to the reproduction, republication, and display of the Works without the permission of Plaintiff by making copies of such Works available to such third parties and encouraging their infringing use for the purpose of promoting Defendant's venture.

11.     Within three (3) years of filing suit, Plaintiff became aware that the Defendant, or someone at its direction, infringed his copyright by distributing, displaying and/or publishing (or directing others to do so) the Works on one or more websites for the purpose of advertising and marketing Defendant's drug delivery service by drones.

12.     One of the two Works was displayed by Defendant on (at least) the following URLs shown in part at **Exhibit 3**:

https://volansi.com/newsroom/;

https://volansi.com/wp-content/uploads/2020/12/future-of-healthcare-logistics-1200x628-1.jpg;

https://volansi.com/future-of-healthcare-logistics/;

https://volansi.com/wp-content/uploads/2020/10/future-healthcare-logistics.png;

13.     In addition, Defendant contributorily infringed because it solicited, induced, and materially contributed to third parties infringing the two Works by distributing them in the form of an "announcement" via its "newsroom" webpage, and it is believed through a press release and/or other distribution methods which resulted in the republication and display of the Works appearing at websites such as *hebergementwebs, pcmag, techrepublic* and others. Plaintiff is informed and believes and thereon alleges that Defendant made available to such media outlets a Google Drive that contained imagery files, including the Works, for the express purpose of redistributing, publishing, and displaying the Works, among other image files. Such infringing uses typically gave credit for the images used to "Volansi" (Sierra Nevada). Defendant's branded copies of the Works being displayed online at over a dozen third party news articles are shown in part as **Exhibit 4**.

14.     On or about November 4, 2021 Plaintiff's attorney first sent a formal letter identifying infringing URLs on Defendant's website and the names of the third-party infringers and demanding Defendant cease and desist from its ongoing infringements, and seeking information about the uses to which the Works had been put, distributed, etc.

15. Through several other attempted communications with Defendant, it became clear that Defendant was uninterested in avoiding litigation through a negotiated settlement, and so this suit was filed.

## **CAUSES OF ACTION**

### **COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT**

16.     Plaintiff re-alleges and incorporates paragraphs 1 – 15 above as if recited *verbatim*.

17.     Defendant has non-willfully infringed Plaintiff's copyright in and to the Works

shown on **Exhibit 1** and **Exhibit 2** by scanning, copying, reproducing, distributing, displaying, publishing and/or otherwise using, and/or contributing to the use of unauthorized copies of said Works within the United States in violation of the Copyright Act in Title 17.

18. Upon information and belief, Defendant has benefitted from infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

**COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT**

19. Plaintiff re-alleges and incorporates paragraphs 1 – 18 above as if recited *verbatim*.

20. Alternatively, Defendant has recklessly/willfully infringed Plaintiff's copyrights in and to the Works shown on **Exhibit 1** and **Exhibit 2** by scanning, copying, reproducing, distributing, publishing, displaying and/or otherwise using, unauthorized copies of said Works.

21. As is his pattern and practice, Oppenheimer had clearly marked copies of the Works with CMI on the face of the Works, in legible captions adjacent to the Works where published or displayed, and/or embedded as metadata within the Works. It is believed Defendant obtained Oppenheimer's photographic Works where Oppenheimer's CMI is in an adjacent caption, with facial watermarks, and embedded in the Works' metadata. Plaintiff does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title to it.

22. Upon information and belief, Defendant, or a third party acting on its behalf, saw Plaintiff's copyright notices in the captions and the facial watermarks on the photographic Works prior to scraping them from the World Wide Web, and uploading them to and/or displaying them at the first four URLs identified in section 12 of this complaint. Therefore, because it had the opportunity to appreciate that Plaintiff was the sole author and owner of the Works, and still used it without license or authorization, Defendant recklessly/willfully infringed the Works.

23. Upon information and belief, the Defendant has benefitted from its infringing uses of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable

injury to his business, reputation, and goodwill, and dilution in the marketplace; therefor, Plaintiff is entitled to injunctive relief, damages (including disgorgement of Defendant's profits), and other relief set forth in the Act.

### COUNT III – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT

24. Plaintiff re-alleges and incorporates paragraphs 1 – 23 above as if recited *verbatim*.

25. As is his pattern and practice, Oppenheimer had clearly marked the Works with CMI on the face of the Works, in legible captions adjacent to the Works where published, and/or embedded as metadata within the Works as alleged above. Oppenheimer does this to distinguish and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title to it from legible facial watermarks, notices of copyright in captions adjacent to the Works where published, and/or from the metadata within the Works.

26. In accomplishing the infringing uses identified above, and upon information and belief, the Defendant, or a third party at its behest, intentionally altered, removed, and/or replaced CMI.

27. Upon information and belief, Defendant distributed copies and/or derivatives of the Works knowing that such CMI had been removed and/or altered, removed by replacing Plaintiff's CMI with false information.

28. At the time that the CMI was altered and/or removed from the Works, and at the time the Works were published, displayed, or distributed having had the CMI altered or removed, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyrights.

29. Plaintiff is entitled to and seeks recovery of statutory damages from Defendant not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights of all subsections of 17 U.S.C. § 1202.

30. Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

31. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has

sustained actual damages or entitlement to Defendant's profits in an amount not yet ascertained, but which discovery will illuminate. Such entitlements include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringer's profits attributable to its infringement, statutory damages including for the DMCA violations; and attorneys' fees and costs.

### **RELIEF REQUESTED**

1.      That Defendant, its agents, employees and/or servants be enjoined permanently from infringing Plaintiff's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Works, and from using them in marketing or advertising;

2.      That Defendant be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Works that infringe Plaintiff's copyright, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in its possession or under the direct or indirect control;

3.      That Defendant provide an accounting of all gains, profits and advantages derived by the Defendant as a result of the willful and unlawful acts of the copyright infringements above-described;

4.      That Defendant be ordered to pay over to Plaintiff his actual damages sustained, in addition to all its profits attributable to the infringing uses, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

5.      In the alternative, and at Plaintiff's election, that Defendant be ordered to pay maximum statutory damages in the amount $150,000 for each of the Works infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

6.      That in addition to the above, Defendant be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendant's profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages –

1  pursuant to 17 U.S.C. § 1203(c)(2);

2      7.    That alternative to actual damages under the DMCA, and at Plaintiff's election,

3  Defendant be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C.

4  § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from reproducing,

5  distributing, displaying, or otherwise using the Works or violating 17 U.S.C. § 1203(b)(1) with

6  respect to the Work;

7      8.    That Defendant be ordered to pay to Plaintiff all of his costs and reasonable

8  attorney's fees pursuant to 17 U.S.C. § 504(c) and § 505 and 17 U.S.C. § 1203(b)(5); and

9      9.    That Plaintiff recover judgment for such other and further relief as this court deems

10  just and proper, including maximum pre- and post-judgment interest on all sums due.

11  Dated: December 28, 2023        LAW OFFICES OF LAWRENCE G. TOWNSEND

12

13  *s/Lawrence G. Townsend*
                    Lawrence G. Townsend

14                      Attorney for Plaintiff
                    DAVID GORDON OPPENHEIMER

15

16  **DEMAND FOR JURY**

17      Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal

18  Rules of Civil Procedure.

19  Dated: December 28, 2023        LAW OFFICES OF LAWRENCE G. TOWNSEND

20

21  *s/Lawrence G. Townsend*
                    Lawrence G. Townsend

22                      Attorney for Plaintiff
                    DAVID GORDON OPPENHEIMER

23

24

25

26

27

28